IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC. )<br>(a Michigan corporation), and )<br>WHIRLPOOL CORPORATION, )<br>(a Delaware corporation), )<br>Plaintiffs, )<br>)<br>v )<br>)<br>NEW BUFFALO CORPORATION )<br>(a Missouri corporation) )<br>d/b/a BUFFALO TOOLS, )<br>)<br>Defendant. ) | Civil Action No.<br>4:07-CV-00349 HEA |

## CONSENT JUDGMENT

Pursuant to the agreement of the parties, the Court hereby finds and enters the following:

Plaintiff Whirlpool Properties, Inc. is a Michigan Corporation having its principal place of business at 500 Renaissance Drive, Suite 101, St. Joseph, Michigan 49085. Whirlpool Properties, Inc. is the owner of U.S. Registration No. 1,711,158 covering the shape of its KitchenAid® stand mixer for use in connection with "electric beating and mixing machines and attachments for such machines" (hereinafter "MIXER DESIGN" mark). Such registration is existing, valid and now in full force and effect. Pursuant to 15 U.S.C. §§ 1065 and 1115(b), this registration has become incontestable and is conclusive evidence of Whirlpool Properties, Inc.'s exclusive right to use the "MIXER DESIGN" mark in connection with the goods listed in the registration.

Plaintiff Whirlpool Properties, Inc. is also the owner of U.S. Registration No. 2,647,204, covering the shape of the small circular protrusion over the front of the overhanging apparatus

1

(i.e., the hub) that is part of Whirlpool's stand mixer for use in connection with "appliances for domestic use; namely, electric stand and handheld mixing machines, electric food blenders, electric food processing machines, trash compactors, garbage disposals, dishwashers, clothes washers, and parts and attachments for all of the above goods" (hereinafter "HUB DESIGN mark). Such registration is existing, valid and now in full force and effect. Pursuant to 15 U.S.C § 1115(a), this registration is prima facie evidence of the validity of the registered mark and of the registration of the mark, of Whirlpool's ownership of the mark, and of Whirlpool's exclusive right to use the registered mark in commerce on or in connection with the goods specified in the registration.

Plaintiff Whirlpool Corporation, a Delaware corporation, having its principal place of business at 2000 M-63, Benton Harbor, Michigan 49022, is a licensee of the MIXER DESIGN mark and the HUB DESIGN mark (the "Whirlpool Marks") owned by Whirlpool Properties, Inc. Hereinafter, Whirlpool Properties, Inc. and Whirlpool Corporation will be jointly referred to as "Plaintiffs" or "Whirlpool."

Defendant New Buffalo Corporation d/b/a Buffalo Tools ("New Buffalo" or "Defendant") is a Missouri corporation having a principal place of business at 1220 N. Price Street, St. Louis, Missouri 63132.

After Plaintiffs acquired rights in the Whirlpool Marks, Defendant began selling a kitchen stand mixer with Model No. CSMIX (the "Accused Mixer"), which bore the MIXER DESIGN mark and a design confusingly similar to the HUB DESIGN mark. The Accused Mixer and the packaging utilized by Defendant for the Accused Mixer are shown at Exhibit 1 hereto.

Plaintiffs initiated the instant lawsuit against Defendant claiming that Defendant's sales of the Accused Mixer constituted infringement of Plaintiffs' rights in the MIXER DESIGN mark

2

and HUB DESIGN mark, as shown in U.S. Registration Nos. 1,711,158 and 2,647,204, in violation of 15 U.S.C. § 1114 (Count I); false designation of origin in violation of 15 U.S.C § 1125(a) (Count II); dilution of Plaintiffs' trademarks in violation of 15 U S.C. § 1125(c) (Count III); infringement of Plaintiffs' rights in violation of Missouri common law and statutory law (Count IV); dilution of Plaintiffs' trademarks in violation of Missouri statutory law (Count V); and unfair competition in violation of Missouri common law (Count VI).

Defendant thereafter acknowledged the validity of Registration Nos. 1,711,158 and 2,647,204 and of Whirlpool's rights in the MIXER DESIGN mark and the HUB DESIGN mark. Defendant has admitted liability for infringement of Registration Nos. 1,711,158 and 2,647,204 and Whirlpool's rights in the MIXER DESIGN mark and the HUB DESIGN mark by the sale of at least one Accused Mixer.

WHEREAS, the Court having jurisdiction over the parties and the subject matter, JUDGMENT is hereby entered in favor of the Plaintiffs, and it is hereby Ordered, Decreed and Adjudged as follows:

1. Effective immediately, Defendant is permanently enjoined from ever again using the MIXER DESIGN mark or the HUB DESIGN mark in any way, or anything confusingly similar thereto, anywhere in the world, including advertising, selling, distributing, manufacturing, and/or having manufactured the Accused Mixer or any kitchen stand mixer that bears the Whirlpool Marks or colorable imitations thereof that are likely to cause confusion, or to cause mistake, or to deceive, unless and until Registration Nos. 1,711,158 or 2,647,204 or the Whirlpool Marks are found to be invalid or unenforceable by a U.S. Court of competent jurisdiction and no appeals of such a finding are available to Whirlpool.

3

2. Defendant has represented and warranted that it has only 20 units of the Accused Mixer remaining in its possession or control. Defendant shall send these 20 units and any other remaining units it may discover of the Accused Mixer to Whirlpool at Defendant's expense within seven (7) business days of the entry of this Consent Judgment to the following address: Whirlpool Corporation, Second Street Warehouse, 301 Second Street, Benton Harbor, Michigan 49022, Attn: Brian Maynard. If a telephone number is required for the shipment, Defendant shall use (269) 923-5289.

3. In the event Defendant is ever found by a court of competent jurisdiction to have violated this Consent Judgment, Defendant shall pay Whirlpool's reasonable attorney's fees and costs incurred in enforcing the terms of the Consent Judgment. In the event Defendant acknowledges a violation of the Consent Judgment and elects to settle with Whirlpool prior to a court of competent jurisdiction finding that such violation occurred, Defendant shall pay Whirlpool's reasonable attorney's fees and costs incurred in enforcing the terms of the Consent Judgment, including fees and costs incurred through correspondence, other communications, or through court action short of a Judgment or any finding by a court that a violation has occurred. Defendant shall also be liable for all other remedies available to Whirlpool under the law in the event this Consent Judgment is violated.

4. The terms of this Consent Judgment and Injunction shall be binding on Defendant, its officers, agents, employees, attorneys and all those in active concert or participation with them who receive actual notice of this Order.

4

5. This Court will retain jurisdiction over this matter for the purpose of enforcing the terms of this Consent Judgment and the separate Settlement Agreement entered into by the parties hereto.

ENTERED:

Dated: 11.13.07

_____
Judge Autrey

AGREED TO BY:

**WHIRLPOOL PROPERTIES, INC.**

Dated: Nov. 2, 2007

By: _____
James E. Darnton
Vice President and Secretary


**WHIRLPOOL CORPORATION**

Dated: 11/1/07

By: _____
Karel Czanderna
Vice President of Cooking


**NEW BUFFALO CORPORATION**

Dated: 11/1/07

By: _____
Martin V. Ahrens VP/CFO
(Typed or Printed Name and Title)

5

**Exhibit 1**
(Pages 1-4 of photos)

Exhibit 1 - Page 1



Exhibit 1 - Page 2



Exhibit 1 - Page 3



Exhibit 1 - Page 4



Exhibit 1 - Page 5